JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-08487-RGK (SKx) | Date | November 22, 2016 |
|---|---|---|---|
| Title | ***JOHN GLYNN v. ALLERGAN, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Remand Action to State Court

    On October 11, 2016, John Glynn ("Plaintiff") filed suit against Allergan, Inc. ("Defendant"). In his Complaint, Plaintiff asserts state claims for arising out of allegations of, among other things, disability discrimination, retaliation and wrongful termination. On November 15, 2016, Defendant removed the action to this Court alleging diversity of citizenship.

    Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving by a preponderance of the evidence that the requirements for diversity jurisdiction have been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). There is no dispute that Defendant has adequately shown that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

    Defendant calculates the amount in controversy using potential damages from (1) back and front pay; (2) compensatory damages from emotional distress; (3) punitive damages; and (4) attorneys' fees.

    As to back and front pay, Defendant has introduced evidence of Plaintiff's salary in his last full year of employment. Using this figure, Defendant has determined back pay as of the date of removal to be at $39,075.18. Defendant then states that his claim for lost wages is higher that this amount because Defendant "is seeking back pay up to the date of trial and front pay for some period of time into the future." (Notice of Removal at 6:6-8.) However, Defendant does not provide any evidence to show the total estimated amount.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-08487-RGK (SKx) | Date | November 22, 2016 |
|---|---|---|---|
| Title | *JOHN GLYNN v. ALLERGAN, INC.* | | |

As to claims for compensatory damages, Defendant offers as evidence, emotional damages awards juries have given to plaintiffs in other employment discrimination cases. Defendant offers similar evidence to support his contention regarding punitive damages. In certain cases, the Ninth Circuit has allowed defendants to rely on awards from other cases to establish the requisite amount in controversy. However, in employment discrimination cases, reliance on previous awards of emotional and punitive damages, alone, to satisfy the amount in controversy requirement is inherently speculative.

Defendant also includes in its calculation anticipated attorneys fees, and predicts that Plaintiff's two attorneys will spend at least 100 hours each, at $350 per hour. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See e.g., MIC Philberts Invs. v. Am. Cas. Co of Reading Pa*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wa. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorney's fees are too speculative for inclusion into amount in controversy.

In light of the foregoing, the Court is not satisfied that Defendant has supported subject matter jurisdiction by a preponderance of the evidence. The Court hereby **remands** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                            :

                                                                             Initials of Preparer